UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LES BOCK and DUNNIA E. APLICANO, husband and wife,<br><br>Plaintiff,<br><br>v.<br><br>BRENTWOOD HOMEOWNERS' ASSOCIATION, INC, an Idaho nonprofit corporation,<br><br>Defendant. | Case No. 1:24-cv-00207-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a motion to dismiss (Dkt. 11) filed by the Brentwood Homeowners' Association, Inc. and a motion for summary judgment (Dkt. 7) filed by the plaintiffs, Les Bock and Dunnia E. Aplicano. For the reasons described below, the Court will grant the Association's motion to dismiss and deny the plaintiffs' motion for summary judgment as moot.

## BACKGROUND

Mr. Bock owns a property within the Brentwood Subdivision in Garden City, Idaho, where he lives with his wife, Ms. Aplicano. *Am. Complaint* at ¶¶ 6 &

MEMORANDUM DECISION AND ORDER - 1

8, Dkt. 3. Over the last few years, it has become more difficult for the plaintiffs to maintain their property due to their disabilities. *Id.* at ¶ 10. Both plaintiffs have limited mobility that affects their ability to care for their property: Ms. Aplicano due to rheumatoid arthritis and Mr. Bock due to complications from a childhood accident. *Id.* Although the plaintiffs have not shared their diagnoses with other members of the subdivision, they have disclosed to some members that they had difficulty maintaining the property. *Id.* at ¶ 14.

The plaintiffs initially considered selling their Brentwood home and moving to a new home, but ultimately determined moving was not economically feasible. *Id.* at ¶¶ 11–12. Instead, they decided to relandscape the property to minimize the required maintenance. *Id.* at ¶¶ 12–13. The plaintiffs engaged a landscaping firm to create a plan that met their needs and, once complete, submitted this plan to the President of the Association. *Id.* at ¶ 13. The President indicated he liked the plan, and the plaintiffs contracted with the landscaping company for $24,000 to complete the project. *Id.* At some point after construction of the new plan had started, the Association President suggested the plaintiffs submit their landscaping plan to the Architectural Control Committee. *Id.* at ¶ 15.

The Brentwood subdivision is governed by a Declaration of Covenants, Conditions, and Restrictions. *Id.* at ¶ 9. Section 11.05 of the CC&Rs requires that

any construction, modification, removal, or destruction of property first be approved by the Architectural Control Committee without exception. *Id.* at ¶ 19. The plaintiffs did not initially submit their plan to the Committee because they believed Section 11.05 was not enforced, and they could proceed with the project after showing the plans to the Association President. *Id.* at ¶¶ 9, 13, and 15. They allege that the Association President shared this view. *Id.* at ¶ 13.

Nonetheless, at the suggestion of the Association President the plaintiffs submitted their plan to the Committee for approval. *Id.* at ¶ 15. To their surprise, the Committee rejected the application. *Id.* It explained that the plan used a different color gravel from that used in other properties in the subdivision, extended the gravel area all the way to the curb, and removed too much grass. *Id.*

Following this rejection, the plaintiffs filed their pro se complaint alleging that the rejection of their plan constitutes a violation of the Fair Housing Act and the Idaho Human Rights Act. *Id.* at ¶¶ 23–26. The Association now moves to dismiss the Amended Complaint and the plaintiffs oppose the motion.

## LEGAL STANDARD

The Association seeks dismissal of the claims against it pursuant to Rule 12(b)(1) and 12(b)(6). Where both jurisdictional and merits grounds are presented, the Court looks to the jurisdictional issues first. *Sinochem Int'l Co. v. Malaysia*

**MEMORANDUM DECISION AND ORDER - 3**

*Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).

Under Rule 12(b)(1), a complaint must be dismissed if it fails to adequately allege subject matter jurisdiction. Federal courts are of "limited jurisdiction" and a court is "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The plaintiff bears the burden of establishing such jurisdiction exists. *Kokkonen v. Guardian Life Ins. Of Am.*, 511 U.S. 375, 377 (1994).

Likewise, on a Rule 12(b)(6) motion, the Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "[T]he court accepts the facts alleged in the Complaint as true, and dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). A complaint must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when it pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556.

**MEMORANDUM DECISION AND ORDER - 4**

# ANALYSIS

The Court will first address the Association's motion to dismiss the plaintiffs' Idaho Human Rights Act claim pursuant to Rule 12(b)(1) before turning to the Association's motion to dismiss the plaintiffs' Fair Housing Act claim pursuant to Rule 12(b)(6). Finally, the Court will address the plaintiffs' motion for summary judgment.

### A. Idaho Human Rights Act

The Association argues that the Court lacks subject matter jurisdiction over the plaintiffs' Idaho Human Rights Act claim because they have not exhausted their administrative remedies. The Act requires a plaintiff to first file a claim with the Idaho Human Rights commission before they file a complaint in state or federal court alleging a violation of the Act. I.C. § 67-5908(2). This requirement is jurisdictional. This means that if the plaintiff does not demonstrate they have complied with the statute, the Court does not have the power to adjudicate the claim and must dismiss any claim for a violation of the Act. *See McWilliams v. Latah Sanitation, Inc.*, 554 F. Supp. 2d 1165, 1183–84 (D. Idaho 2008). The burden is on the plaintiffs to establish subject matter jurisdiction exists. *Kokkonen*, 511 U.S. at 377.

The plaintiffs do not allege that they filed a claim with the Idaho Human

MEMORANDUM DECISION AND ORDER - 5

Rights Commission before bringing this claim. Instead, the plaintiffs cite to *Collier v. Turner Industries Group, LLC*, 797 F. Supp. 2d 1029 (D. Idaho 2011), for the proposition that the Court may exercise supplemental jurisdiction over their Idaho Human Rights Act claim even where the exhaustion requirement is not met. *Response* at 7, Dkt. 15. Not so. In *Collier*, the Court granted summary judgment on a plaintiff's Idaho Human Rights claim because they failed to file a claim with the Idaho Human Rights Commission. 797 F. Supp. 2d at 1047. The plaintiffs, like the plaintiff in *Collier*, have failed to establish they met this statutory requirement. The Court, therefore, must dismiss their Idaho Human Rights Act claim.

      **B.    Fair Housing Act**

The Association also requests dismissal of the plaintiffs' Fair Housing Act claim. The FHA prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilitates in connection with such dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2). The FHA provides that "an aggrieved person may commence a civil action" for any violation of the statute. 42 U.S.C. § 3613(a)(1)(A). The Association argues that the plaintiffs are not aggrieved persons under the FHA and, further, that they have failed to adequately state a claim for relief. The Court will discuss each argument in turn.

### 1. Aggrieved Persons

The Association argues that the plaintiffs are not "aggrieved persons" under the FHA. It emphasizes that that the plaintiffs have not suffered any harm as a result of the Association's denial of their application as the landscaping project was completed without interference. Although not framed as such, the Association's argument, at its core, is that the plaintiffs lack standing under the Act.

The FHA creates a private right of action for "any person who (1) claims to have been injured by a discriminatory housing practice; or (2) believes that such a person will be injured under a discriminatory housing practice that is set to occur." 42 U.S.C. § 3602(i). The Supreme Court has held that standing under the FHA "extend[s] to the full limits of Article III." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372 (1982). To establish Article III standing the plaintiffs must show: (1) an injury-in-fact that was (2) caused by the defendant's conduct and (3) is likely redressable through a favorable judicial ruling. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). At the pleading stage, the complaint must clearly allege facts demonstrating each element of standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

The Association appears to argue only that the plaintiffs have not suffered

**MEMORANDUM DECISION AND ORDER - 7**

any harm or, in other words, that they have not alleged any injury-in-fact. A harm constitutes an injury-in-fact where it is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks omitted). It appears from the Amended Complaint that the plaintiffs completed their landscaping project despite the denial of their application. The Amended Complaint does not include any allegations suggesting the plaintiffs are, or will be, subject to any enforcement action as a result of the denied application. The Court agrees with the Association that these allegations do not constitute an injury-in-fact.

That said, the plaintiffs seek damages for emotional distress, humiliation, and embarrassment caused by the Association's conduct. *Am. Complaint* at 8, Dkt. 3. Such allegations of emotional harm, though rather bare, sufficiently allege injury-in-fact. *See Elliott v. QF Circa 37, LLC*, No. 16-cv-0288-BAS-AGS, 2017 WL 6389775, at *6 (S.D. Cal. Dec. 14, 2017) (collecting cases). Accordingly, at this stage of the litigation, the plaintiffs have adequately alleged injury-in-fact and have standing under the FHA.

2. **Failure to State a Claim**

The plaintiffs nonetheless fail to state claim upon which relief may be granted. The FHA defines discrimination to include, among other things, "a refusal

to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises." 42 U.S.C. § 3604(f)(3)(A). The plaintiffs make clear their claim is only for a failure to permit modification pursuant to § 3604(f)(3)(A) rather than a failure to make an accommodation claim pursuant to § 3604(f)(3)(B) as assumed by the Association in its motion. *Response* at 5, Dkt. 15.

Courts evaluating reasonable modification claims use the same analytical framework used to evaluate reasonable accommodation claims under the FHA. *See Hollis v. Chestnut Bend Homeowner's Ass'n*, 760 F.3d 531, 541 (6th Cir. 2014). Accordingly, to state a claim for failure to permit reasonable modification, the plaintiffs must allege: (1) they suffer from a handicap as defined by the FHA; (2) that the Association knew or reasonably should have known of the plaintiffs' handicap; (3) that modification to the premises may be necessary to afford the plaintiffs an equal opportunity to use and enjoy their dwelling; (4) that the modification is reasonable; and (5) the Association refused to permit the requested modification. *Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006) (outlining elements of reasonable accommodation claim); *Garza v. Raft*, No. C 98 20476 JF PVT, 1999 WL 33882969, at *2 (N.D.

**MEMORANDUM DECISION AND ORDER - 9**

Cal. Nov. 30, 1999) (applying standard to reasonable modification claim). The Association argues that the plaintiffs' Amended Complaint fails to allege facts sufficient to support the second, third, or fifth elements of their claim.

At the outset, the Court disagrees with the Association that the plaintiffs have not sufficiently alleged that the modification is necessary for the plaintiffs' enjoyment of the property. The Association suggests that Sections 5.07(f) and 5.16(c) of the CC&Rs allow the plaintiffs to have the Association perform maintenance on their property.[1] It argues these provisions render any modification unnecessary. Section 5.07(f) creates an easement to allow the Association to enter the lot to perform maintenance and Section 16(c) provides that the Association is responsible for the maintenance and landscaping of common areas. Def.'s Ex. A, Dkt. 11-2. The creation of an easement and a separate requirement that the Association maintain common spaces do not support the Association's argument that the plaintiffs can defer the maintenance of their property to the Association.

---

[1] The Association requests that the Court take judicial notice of Brentwood Subdivision's CC&Rs, which were recorded in the Ada County Recorder's Office. *See* Ex. A, Dkt. 11-2. Under Federal Rule of Evidence 201(b), "[t]he Court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined form sources whose accuracy cannot reasonably be questioned." The plaintiffs do not question the authenticity of the CC&Rs and, as a public record, the Court may take judicial notice. Accordingly, the Court takes judicial notice of the Brentwood Subdivision's CC&Rs filed at Dkt. 11-2.

**MEMORANDUM DECISION AND ORDER - 10**

Moreover, the Association has not cited any support for the claim that the existence of such an option would render the modification unnecessary. As such, the plaintiffs have adequately alleged that the modification is necessary.

Nonetheless, the plaintiffs' allegations as to the second and fifth elements of their reasonable modification claim fall short of the required pleading standard. First, the Amended Complaint does not allege sufficient facts to support the inference that the Association knew or should have known of the plaintiffs' disability. The plaintiffs allege that over the past two years they "have casually informed" others in the subdivision that they "needed to make changes or move" because they felt they could not adequately take care of the property due to their physical limitations. *Complaint* at ¶ 14, Dkt. 1. The Amended Complaint makes clear that while some members of the subdivision knew of the plaintiffs' physical limitations, they have never disclosed specific details about their conditions. *Id.*

Even making every inference in favor of the plaintiffs, these allegations do not support the conclusion the Association was aware of the plaintiffs' disabilities. At best, some owners knew the plaintiffs had difficulty caring for their property due to some physical ailments. That being so, most owners did not know of the plaintiffs' challenge caring for their property let alone that that difficulties were due to disabilities. There are similarly no allegations that the plaintiffs'

**MEMORANDUM DECISION AND ORDER - 11**

disabilities are visible, such that the Association should have been aware of their existence. *See Sanzaro v. Ardiente Homeowners Ass'n LLC*, 21 F. Supp. 3d 1109, 1116 (D. Nev. 2014) (finding defendant should have known of disability where the plaintiff cannot walk without a walker and brace because "her impairment would be noticeable immediately upon viewing her.").

While the plaintiffs do not need to disclose the details of their disabilities, they must provide sufficient information to the Association such that it is aware the plaintiffs have disabilities. *See McClendon v. Bresler*, No. 22-55068, 2022 WL 17958633, at *1 (9th Cir. Dec. 27, 2022) ("[A]lthough [the plaintiff] never affirmatively identified her disability, her co-applicant's. . . use of the terms 'verified support animal,' 'reasonable accommodation,' and 'discrimination' in her emails to [defendant]. . . are evidence that defendant should have known."). Often, the facts supporting this requirement are subsumed in the request for accommodation or modification. *See Castellano v. Access Premier Realty, Inc.*, 181 F. Supp. 3d 798, 805 (E.D. Cal. 2016) (finding defendant should have known of disability where plaintiff sent a letter stating she suffered from mental illness and physical handicaps and required an accommodation). The allegations in the Amended Complaint, without more, do not support the inference that the Association knew or should have known of the plaintiffs' disabilities.

Second, the Association argues that the plaintiffs have not sufficiently alleged that the Association refused to permit the plaintiffs to make reasonable modifications to their property. For one, it is unclear from the Amended Complaint whether the plaintiffs made a request for modification. There are no specific requirements an individual must comply with when requesting a reasonable modification. *See* HUD and DOJ, Joint Statement, at 9–10 (2008), https://www.hud.gov/sites/documents/reasonable_modifications_mar08.pdf. Rather "the requester must make the request in a manner that a reasonable person would understand to be a request for permission to make structural change because of a disability." *Id*. The plaintiffs clearly allege they submitted a request for modification at the suggestion of the Association President and consistent with the requirements of the subdivision's CC&Rs that all modifications must be approved by the board. *See Am. Complaint* at ¶ 19, Dkt. 3. Nothing in the Amended Complaint suggests that the plaintiffs communicated that the modification was required "because of a disability." HUD and DOJ, *supra*. These facts, alone, do not support the inference that a reasonable person would know the plaintiffs were

**MEMORANDUM DECISION AND ORDER - 13**

requesting a reasonable modification.[2]

Setting aside that the plaintiffs have not adequately alleged that they requested a modification, it appears the plaintiffs completed the landscaping project. The Association, by denying the plaintiffs architectural application, did not refuse to allow the plaintiffs to make the modifications as the plaintiffs made the modifications without interference from the Association. Although the plaintiffs suggest in their response that they may be subject to some enforcement action as a result of the denied application, the Amended Complaint does not allege any facts to support this argument. *See Response* at 9, Dkt. 15. Accordingly, the plaintiffs have failed to state a claim under the FHA for failure to permit modification and the Court will dismiss the plaintiffs' claim.

### C.  Leave to Amend

The Court will grant the plaintiffs leave to amend their complaint. Regardless of whether a party makes such a request, "[a] district court should grant

---

[2] The plaintiffs suggest in their Amended Complaint that this provision was not enforced as owners made modifications to the property all the time without approval. *Am. Complaint.* at ¶¶ 9, 15. The failure of some individuals to submit their plans for approval does not put the Association on notice, without more, that the plan the plaintiffs submitted was a request for reasonable modification rather than simply a request for modification pursuant to the CC&Rs. The same is true of the plaintiffs' unenforceability argument. *See Id.* at ¶¶ 20–22. Whether or not the provision requiring approval is enforceable has no bearing on whether the plaintiffs made a request for modification under the FHA.

**MEMORANDUM DECISION AND ORDER - 14**

leave to amend. . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (internal quotation marks omitted). Courts must be particularly cautious before dismissing a pro se complaint without leave to amend. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002). Here, additional facts may cure the deficiencies in the plaintiffs' complaint. That said, the plaintiffs may only amend their Idaho Human Rights Act claim if they filed a claim with the Idaho Human Rights Commission. Based on the plaintiffs' response to the present motion it seems unlikely that they did; however, given their pro se status the Court will provide the plaintiffs with an opportunity to amend to allege these facts if they so exist. If the plaintiffs did not file a claim with the Idaho Human Rights Commission, then any amended complaint should not include this claim or it will be dismissed. Accordingly, the plaintiffs may amend their complaint within 28 days of the issuance of this order.

### D. Plaintiffs' Motion for Partial Summary Judgment

The plaintiffs have filed a motion for partial summary judgment. Based upon the Court's dismissal of the plaintiffs' Amended Complaint, the Court denies the motion as moot without addressing the merits of the motion. The plaintiffs may renew this motion, if appropriate, in the future.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to Dismiss (Dkt. 11) is **GRANTED** and Plaintiffs' Amended Complaint is dismissed with leave to amend.

2. Plaintiff's Motion for Summary Judgment (Dkt. 7) is **DENIED** as moot.

3. Any amended complaint must be filed within 28 days of the issuance of this order. Plaintiffs may, in the alternative, file a Notice of Voluntary Dismissal if they no longer intend to pursue this case. If Plaintiffs fail to file a timely amended complaint, this case may be dismissed without further notice.

DATED: August 30, 2024

B. Lynn Winmill
U.S. District Court Judge